

OCT - 6 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTONIO MUSUMECI,

            Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY et al.,

            Defendants.
------------------------------------------------------------x

10 Civ. 3370 (RJH)

STIPULATION AND ORDER OF
DISMISSAL

    WHEREAS, plaintiff Antonio Musumeci filed a complaint in the above-captioned action on or about April 22, 2010, alleging, among other things, that he was arrested by an officer of the Federal Protective Service ("FPS") in November 2009 while videotaping on the plaza outside the federal courthouse at 500 Pearl Street, New York, New York, and cited for violating 41 C.F.R. § 102-74.420, and further alleging that the arrest violated his rights under the Constitution of the United States; and

    WHEREAS, the parties wish to resolve this action without further litigation; and

    WHEREAS, FPS construes 41 C.F.R. § 102-74.420 not to prohibit individuals from photographing (including motion photography) the exterior of federal courthouses from publicly accessible spaces, such as streets, sidewalks, parks, and plazas; and FPS has not construed any other federal regulation or federal statute to prohibit such photography of the exterior of federal courthouses, though it makes no representation about local rules or orders;

    IT IS HEREBY STIPULATED AND AGREED by and among the parties to the above-captioned action that the action will be resolved as follows:

1. The action is dismissed with prejudice and without costs, subject to reopening should the provisions of paragraph 2 of this Stipulation and Order not be consummated within sixty days of the entry of this Stipulation and Order.

2. FPS will provide a written instruction to its officers and employees engaged in law enforcement, stating that for federal courthouses under the protective jurisdiction of FPS, there are currently no general security regulations prohibiting exterior photography by individuals from publicly accessible spaces, absent a written local rule, regulation, or order. The instruction will also inform FPS officers and employees of the public's general right to photograph the exterior of federal courthouses from publicly accessible spaces. Counsel for defendants will provide written notice to counsel for plaintiff upon issuance of such a written instruction.

3. Nothing in this agreement precludes FPS or the United States, or any department, agency, agent, officer, or employee of the United States (collectively, the "Government") or any law-enforcement officer from taking any legally permissible law-enforcement action, including but not limited to approaching any individual taking photographs and asking for the voluntary provision of information such as the purpose of taking the photographs or the identity of the individual, or taking lawful steps to ascertain whether unlawful activity, or reconnaissance for the purpose of a terrorist or unlawful act, is being undertaken.

4. FPS will not treat plaintiff in ways inconsistent with this Stipulation and Order.

5. This agreement does not constitute an admission of liability or fault on the part of the Government.

6. Plaintiff will file an administrative tort claim with FPS on Standard Form 95 pursuant to 28 U.S.C. § 2675. Upon receipt of the administrative tort claim, FPS agrees to pay plaintiff $1500, which sum is in full settlement of any and all claims that plaintiff now has or may

2

hereafter acquire against defendants or the Government on account of alleged facts, events, and circumstances giving rise to this action.

7. FPS will pay plaintiff $3350 in full satisfaction of any claim plaintiff may make for attorney's fees and expenses or costs pursuant to 28 U.S.C. §§ 1920 or 2412(b), Fed. R. Civ. P. 54, Local Civil Rule 54.1, or any other law. Settlement of this action is to be without interest or disbursements. All liens and fees are to be satisfied out of the amount of this settlement.

8. The Government has informed plaintiff that the memory card seized from plaintiff by FPS on or about November 9, 2009, will be released by the Department of Homeland Security within 10 days of the date this Stipulation and Order is entered, and held in the custody of the United States Attorney's Office for the Southern District of New York for use as possible evidence in an ongoing criminal matter. Upon completion of that criminal matter, the United States Attorney's Office will return the memory card to plaintiff's counsel. Plaintiff hereby releases and forever discharges all defendants and the Government from any and all claims and liability relating to the memory card prior to its release by the Department of Homeland Security, but plaintiff reserves the right solely to seek the return of the memory card after that date through any applicable administrative or judicial proceeding.

9. Plaintiff stipulates and agrees to accept the consideration set forth above in full settlement and satisfaction of any and all claims and demands that he and his heirs, executors, successors in interest, administrators, or assigns may have or hereafter acquire against any defendant or the Government (as defined above), on account of the events, circumstances, or incidents giving rise to this action and claims incident thereto. Plaintiff hereby releases and forever discharges all defendants and the Government from any and all claims and liability

3

arising directly or indirectly from the incidents or circumstances giving rise to or referred to in the action, except as specifically reserved in paragraph 8.

10. All payments described in this stipulation will be made by electronic funds transfer pursuant to written instructions that plaintiff's counsel will provide to the Government's counsel.

11. Plaintiff and the Government understand and agree that this agreement contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein have any force or effect.

Dated: New York, New York
Oct September 1, 2010

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Attorney for Plaintiff

By: _____
CHRISTOPHER DUNN
125 Broad Street, 19th Floor
New York, New York 10004
Telephone: 212.607.3300
E-mail: cdunn@nyclu.org

Dated: New York, New York
September 1, 2010
October

PREET BHARARA
United States Attorney for the Southern
District of New York
Attorney for Defendants

By: _____
BENJAMIN H. TORRANCE
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2703
E-mail: benjamin.torrance@usdoj.gov

SO ORDERED.

Dated: New York, New York
10/13, 2010

_____
RICHARD J. HOLWELL, U.S.D.J.

4